## Joe Pike v. The Stae.

1. CRIMINAL LAW. *House burning.* A barrel house attached to a cooperage establishment is a "house" within the meaning of the Code, sec. 4668, for the burning of which a person may be convicted under that section.

2. SAME. *Venue.* The venue is sufficiently proved in a trial for arson by the proof of the prosecutor that he lives in the county in which the indictment is found, and the house burned was his property, fifty yards from his dwelling, and outside of its enclosure.

---

FROM ROBERTSON.

---

Application for writ of error.

W. G. MORRIS and P. D. WEST for Pike.

ATTORNEY-GENERAL LEA for the State.
    37—VOL.8.

COOPER, J., delivered the opinion of the court.

The plaintiff in error was indicted for that he did " feloniously, wilfully and maliciously burn the house of one Richard Swift." The court charged the jury that the defendant was indicted under the Code, sec. 4668, which he read to the jury. That section is: "Every person who shall wilfully or maliciously burn or set fire to any house, barn, stable, or other valuable building, or any building containing valuable property therein; or any stack or shocks of grain, fodder, straw or hay; or any valuable bridge, boat or water-craft, shall be imprisoned in the penitentiary not less than two nor more than twenty-one years." The proof shows the house burned in this case was a barrel house appurtenant to a cooperage shop, fifty yards distant from the dwelling-house of its owner, and outside of the fence that surrounded his house. The argument for reversal is that the word house in the section of the Code quoted, means a dwelling-house, or other house within the curtilage. But the offense of burning such houses is provided for by the Code, sec. 4666. The section under consideration, adopted at the same time with the other section, would have been supererogatory and useless if the construction contended for be put upon it. The context, moreover, shows that the word house was used in a far more general sense, and as meaning any erection of value which might fall within the general description of a house. The section was held to include a store house in *Hull* v. *State,* 3 Lea, 552. The point is not well taken.

The only other ground insisted upon is that the

venue has not been sufficiently proved.    The only testimony bearing on this point is that of the prosecutor, who says he lives in Robertson county, in which county the indictment was found, and the house burned, was fifty yards from his dwelling, and outside of its enclosing fence.    In *Maple* v. *State,* 3 Heis., 408, the crime was committed in a cabin in the yard of a witness who testified that he lived in the county in which the indictment was found.    It was held that the venure was made out.    In *Franklin* v. *State,* 5 Baxt., 613, the prisoner was arrested at a house in the county in which the indictment was found, and it was proved that the crime was committed about seventy-five yards from the house, and it was held that the venue was not sufficiently proved.    My brother judges think that this case falls within the principle of the former, rather than the latter case, for the reason that the house burned was on the land of the prosecutor, and that the prosecutor's testimony, giving it a reasonable construction, fairly means that his land, on which he lives, is in Robertson county.

My own opinion is, that the present case falls within the principle of the latter decision.    But I am also of opinion that the decision is not sound.    It rests upon the ground that the provision of the Code, sec. 5242 sub-sec. 9, is unconstitutional, and therefore void. That section brought forward into the Code the act of 1852, ch. 256, and re-enacted its provisions.    It provides that a person indicted and arraigned before a court having jurisdiction, and tried upon the merits, and convicted, shall not be entitled to a new trial, or

to an arrest of judgment, or to a reversal of the judgment for certain omissions in the transcript of the record sent to this court upon appeal or writ of error. The object of the statute was to give effect in criminal cases to the presumption in favor of the regularity of the proceedings of courts of general jurisdiction, and limit the revision of this court to substantial errors. The same must, of course, be proved, but it rarely ever happens that there is any contest over the fact, and the only object of a bill of exceptions is to set out such portions of the evidence as may enable the defendant to assign the error actually relied on for reversal. The bill of exceptions rarely, if ever, includes all the evidence. It undertakes to give the material facts or substance, with a view to the real matters of defense. Why should the State or the defendant be required to see to the insertion of proof made formal by the absence of any real contest? It was at first held that this particular provision of the Code was merely a legislative regulation of the form of the transcript to be sent to this court: *Timrus* v. *State,* 4 Cold., 138. It was afterwards held to be a violation of the constitution, notwithstanding an able argument of the then attorney-general of the State in its support: *Mays* v. *State,* 3 Heis., 430. The latter decision has been since followed. I take the opportunity of putting myself on record as in favor of the earlier decision.

Writ of error refused.